IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY LEROY LATTIMER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-2370-M |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Anthony Leroy Lattimer, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed for want of prosecution.

I.

On November 29, 2005, petitioner filed miscellaneous pleadings challenging his 1981 state conviction for burglary of a building. However, he did not pay the statutory filing fee or submit an application to proceed *in forma pauperis*.[1] By order dated December 5, 2005, petitioner was directed to correct this deficiency within 20 days or the case would be dismissed. No action was taken in response to that order. On December 28, 2005, the court again ordered petitioner to either pay the statutory filing fee or seek leave to proceed *in forma pauperis*. Petitioner was warned that the "failure to comply with the Court's order within twenty (20) days may result in the imposition of sanctions, including dismissal of this action for want of prosecution." To date, petitioner still has

---

[1] Petitioner also failed to submit his habeas claims on a court-approved form as required by Rule 2(d) of the Rules Governing Section 2254 Proceedings.

not paid the statutory filing fee or sought leave to proceed *in forma pauperis*. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Petitioner has not paid the statutory filing fee or sought leave to proceed *in forma pauperis*. Until he does so, this litigation cannot proceed. Petitioner was twice notified of this deficiency and warned that the failure to pay the filing fee or seek leave to proceed *in forma pauperis* would result in the dismissal of his case. Both orders have been ignored. Under these circumstances, dismissal is clearly warranted.[2]

---

[2] The court notes that two other cases filed by petitioner in this district have been dismissed for want of prosecution. *Lattimer v. Allred Unit*, No. 3-03-CV-0241-H, 2003 WL 21516589 (N.D. Tex. Apr. 8, 2003); *Lattimer v. Johnson*, No. 3-02-CV-0457-P, 2002 WL 1362277 (N.D. Tex. Jun. 20, 2002). In addition, because of his history of filing frivolous lawsuits, petitioner has been barred from filing any future civil actions in the Northern District of Texas without the permission of a district judge. *Lattimer v. State of Texas*, No. 7-97-CV-092-X (N.D. Tex. Apr. 28, 1997). That bar does not apply to habeas petitions.

**RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 25, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE